**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 2:26-00145-14 |
| v. | ) | |
| | ) | Chief Judge Cathy Bissoon |
| TYISHA SOMERVILLE, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

For the reasons set forth on the record at the hearing on August 10, 2026, and as set forth below, the Government's Motion for Revocation of Order of Pretrial Release (Doc. 220) is granted and detention is ordered.

For defendants such as Somerville charged with certain offenses enumerated in 18 U.S.C. § 3142(e)(3)(A), a rebuttable presumption arises that no condition or combination of conditions of release will assure the appearance of the person or the safety of the community. Here, the offense is a violation of 21 U.S.C. § 846 – conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base. *See* 18 U.S.C. § 3142(e)(3)(A). To rebut this initial presumption, the burden is on the defendant to produce some credible evidence that she will appear as directed and not present a threat to the community. *See* United States v. Araiza-Vega, Criminal No. 20-218, 2020 WL 6546136, at *4 (W.D. Pa. Nov. 6, 2020). If the defendant rebuts the presumption, the burden shifts to the government to prove, by clear and convincing evidence, that the defendant is a danger to the safety of any other person or the community; or, by a preponderance of the evidence, that the defendant is a flight risk. *See* United States v. Perry, 788 F.2d 100, 115 (3d Cir. 1986).

In making its determination as to whether there are conditions or a combination of conditions of release that will reasonably assure the appearance of Defendant and the safety of the community, the Court must weigh the evidence in light of the four factors set forth in 18 U.S.C. § 3142(g). The factors are: (1) the nature and seriousness of the offenses charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that the defendant's release would pose. *See* 18 U.S.C. § 3142(g). District courts exercise *de novo* review over release orders entered by a magistrate judge. *See* United States v. Delker, 757 F.2d 1390, 1394-95 (3d Cir. 1985).

After careful consideration of the totality of the evidence and arguments presented at the hearings, and for the reasons set forth on the record, the Court finds that Somerville failed to rebut the presumption of detention in this case. Additionally, defense counsel's argument that Somerville's placement as the fourteenth of sixteen named defendants suggests she is somehow less culpable than the thirteen defendants who precede her is without merit. With the exception of the lead defendant who allegedly headed the conspiracy, the indictment names the parties in alphabetical order. It strains belief to conclude that the defendants' respective culpabilities align with their place in the alphabet. The Court likewise is not persuaded by Somerville's proposed home arrangement. Although she would live in a different residence with her mother, she also would be reunited with her son, whom, as set forth more fully below, she already has exposed to extremely dangerous conditions in her Hill District apartment. She also was on bond on a state charge at the time of the events in question, providing the Court little faith that any conditions of pretrial release will deter her from additional dangerous behavior and ensure the safety of her son and the community.

Even if Somerville had rebutted the presumption, the Government has shown by clear and convincing evidence that she is a danger to the safety of the community, taking into account the 3142(g) factors.[1] In addition to the extremely serious and dangerous crime with which Somerville is charged – participation in a 16-defendant, large scale, multi-month drug-trafficking conspiracy in Pittsburgh's Hill District neighborhood – officers executing the search warrant found her at home alone with her young son surrounded by an easily accessible loaded automatic firearm[2] as well as distribution quantities of drugs, also within easy reach of a child in locations children naturally frequent.[3] This is the epitome of danger to the safety of a vulnerable member of the community as well as the community at large. As for the weight of the evidence, a grand jury returned a probable cause indictment charging Somerville with conspiracy to distribute and possess with intent to distribute more than 28 grams of drugs, and the special agent testified to wiretap evidence of possession with intent to distribute attributable to Somerville. Transcript at 11. Considering Somerville's history and characteristics, perhaps most troubling to the Court is the fact that Somerville was out on bond on a pending state charge at the time of the events in question, demonstrating an alarming lack of concern for release conditions.[4] Although the Court acknowledges the characteristics noted by the Magistrate Judge, including Somerville's family

[1] The government's arguments focused on Somerville's danger to the community. Counsel did not meaningfully argue that she also is a flight risk.

[2] According to credible agent testimony, the firearm was a loaded Glock handgun with a switch attached converting it from semi-automatic to fully automatic and an extended magazine. *See* Detention Hearing Transcript (Doc. 229, "Transcript") at 14-15 (Scull Testimony) & Govt. Ex. 2 (Doc. 230).

[3] Those locations included the bathroom both in and around the toilet, as well as the kitchen where agents discovered residue and materials commonly used to make crack cocaine. *See* Govt. Exs. 3-5 (Doc. 230); Transcript at 16-20.

[4] The Magistrate Judge also noted a probation violation in 2017. Transcript at 42.

ties, age, good health, sporadic employment history, addiction issues and arguably minimal criminal history, these considerations do not outweigh her complete disregard for bond conditions and her past dangerous conduct.

For the reasons set forth above and on the record, and based on the totality of the evidence, the Court finds that no condition or combination of conditions of pretrial release will ensure the safety of the community in this case. Accordingly, the Government's Motion for Revocation of Order of Pretrial Release (Doc. 220) is GRANTED. The Magistrate Judge's Pretrial Release Orders, including the stayed Appearance Bond and Order Setting Conditions of Release (Docs. 226 & 227), are REVOKED, and Defendant, Tyisha Somerville, is ordered DETAINED.

IT IS SO ORDERED.

August 14, 2026

s/Cathy Bissoon
Cathy Bissoon
Chief United States District Judge

cc (via ECF email notification):

All Counsel of Record